UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MARIA E. JUAN,

    Plaintiff,

v.

SYMMETRY MANAGEMENT CORPORATION
d/b/a
BCC FINANCIAL MANAGEMENT SERVICES, INC.
and d/b/a
BCC FINANCIAL MANAGEMENT SERVICES,

    Defendant.

_____/

# COMPLAINT
# JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant mailed letters into this District.

## PARTIES

3.    Plaintiff, MARIA E. JUAN, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, SYMMETRY MANAGEMENT CORPORATION d/b/a BCC FINANCIAL MANAGEMENT SERVICES, INC. and d/b/A BCC FINANCIAL MANAGEMENT SERVICES ("Symmetry") is a corporation formed under the laws of the State of Florida and citizen of the State of Florida with its principal place of business at Suite 190, 3230 West Commercial Boulevard, Fort Lauderdale, Florida 33309.

5. Defendant is registered with the Florida Department of State Division of Corporations as a domestic corporation. Its current officers are Emil Speranza, Jr. and Michael Mazzola.

6. The same two officers were officers of BCC Financial Management Services, Inc., a Florida corporation dissolved in 2001 and located at the same address as Symmetry and involved in the same business, consumer debt collection.

7. Although BCC Financial Management Services, Inc. is a dissolved corporation, Symmetry has registered that same name with the Florida Department of State Division of Corporations as a fictitious name for Symmetry.

8. Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency using the slightly different fictitious name BCC Financial Management Services.

9. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

10. Defendant regularly collects or attempts to collect debts for other parties.

11. Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

12. Defendant sought to collect from Plaintiff an alleged debt for her personal medical care.

13. On or about March 9, 2016, Defendant mailed a letter to Plaintiff regarding the alleged debt, attached as Exhibit "A".

14. Plaintiff received it shortly thereafter.

15. The letter was the first communication Plaintiff received from Defendant regarding the alleged debt.

16. Plaintiff believes that the letter was the first communication Defendant sent to Plaintiff regarding the alleged debt.

17. The letter states in part, "If payment has been forwarded, please disregard this notice."

18. The very purpose of the notice is to inform consumers of their right to dispute the alleged debt and obtain verification thereof regarding debts that have been previously paid or which the consumer believes have been previously paid.

19. Defendant's direction to disregard the "notice" if one believes, mistakenly or not, that the bill was already paid, defeats the very purpose of the

notice: which, in part, is to inform consumers of their right to dispute previously paid debts, and, importantly, inform them of the short time-frame during which such controversies *must* be raised, which is 30 days from the consumer's receipt of the letter.

20. If the consumer does not dispute the alleged debt within 30 days of receipt of the letter, then the consumer waives the right to obtain verification of the alleged debt and, importantly, if the debt is not disputed within that period, the debt collector is permitted to report the alleged debt to credit bureaus, as this Defendant does, which can have an extremely negative impact of the consumer's credit rating, causing an increase in the interest rates at which credit is offered and even causing some businesses to completely deny credit or services or even employment to the consumer.

21. If a consumer receives a debt collection letter for a debt that she believes has already been paid, the proper thing to do and what Congress contemplated in passing the FDCPA, is to request verification of the debt as provided for in 15 U.S.C. §1692g. Then the debt collector must either provide written verification of the debt or *cease collection thereof*, including negative credit reporting. In total contradiction, Defendant directs Plaintiff to disregard the notice of her right to dispute the debt and obtain verification thereof, to her great detriment.

22. Defendant's letter misleadingly and deceptively directs Plaintiff to disregard the notice of rights that Defendant is required by the FDCPA to provide to all consumers.

23. Plaintiff is harmed by Defendant's direction to disregard her rights afforded under the FDCPA.

24. Separately, the letter states the name of Defendant's client.

25. The letter implies that Defendant's client is Plaintiff's alleged creditor.

26. The letter does not expressly state the name of Plaintiff's alleged creditor.

27. The FDCPA requires a debt collector to state in the initial letter "the name of the creditor to whom the debt is owed…" 15 U.S.C. §1692g(a)(2).

28. Plaintiff is harmed by the inability to know with certainty the identity of the party to whom she is allegedly indebted.

## COUNT I
## DIRECTING A CONSUMER TO DISREGARD HER RIGHT TO DISPUTE THE ALLEGED DEBT AND OBTAIN VERIFICATION THEREOF

29. Plaintiff incorporates Paragraphs 1 through 28.

30. Defendant's direction "If payment has been forwarded, please disregard this notice." violates 15 U.S.C. §1692g(b) which reads in relevant part:

> Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

5

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## DECEPTIVE AND MISLEADING REPRESENTATION

31.    Plaintiff incorporates Paragraphs 1 through 28.

32.    Defendant's direction "If payment has been forwarded, please disregard this notice." is a deceptive and misleading representation that tricks the consumer into disregarding the rights contained in the notice in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## FAILURE TO STATE THE NAME OF THE CREDITOR TO WHOM THE ALLEGED DEBT IS OWED

33.    Plaintiff incorporates Paragraphs 1 through 28.

34.     Defendant's letter fails to state the name of the creditor to whom the alleged debt is owed in violation of 15 U.S.C. §1692g(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

                      DONALD A. YARBROUGH, ESQ.
                      Attorney for Plaintiff
                      Post Office Box 11842
                      Ft. Lauderdale, FL 33339
                      Telephone: 954-537-2000
                      Facsimile: 954-566-2235
                      don@donyarbrough.com


            By: s/ Donald A. Yarbrough
                Donald A. Yarbrough, Esq.
                Florida Bar No. 0158658